IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | |
| v.   : | **Crim. No. 05-193-11** |
| : | |
| **FREDERICK MULLINEX** : | |

## O R D E R

After a three week trial in 2006, the jury convicted Defendant, Frederick Mullinex, of conspiracy to distribute controlled substances, conspiracy to import controlled substances, conspiracy to introduce misbranded drugs into interstate commerce, conspiracy to commit money laundering, and promotional money laundering.  (Doc. Nos. 288, 693.)  At sentencing in December 2007, I determined that Defendant had a total offense level of 32, a criminal history category of I, and a guideline range of 121 to 151 months.  (Doc. No. 1039.)  I sentenced Defendant to 150 months imprisonment.  (Id.)

On November 1, 2014, Amendment 782 to the Sentencing Guidelines reduced the base offense level for most drug offenses and was made retroactive.  Chief Judge Tucker established a Screening Committee in this District to review cases of defendants who may be eligible for Amendment 782 sentence reductions.  (Doc. No. 1246.)  On December 8, 2014, Defendant filed a *pro se* motion for appointment of counsel and for sentence reduction pursuant to Amendment 782.  (Doc. No. 1241.)  I referred Defendant's case to the Screening Committee, which reports that the "parties agree that the amendment applies to this case, and that the defendant is eligible for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782."  (Doc. No. 1246.)  The Committee has submitted a proposed Order by which I would reduce Defendant's sentence to 120 months imprisonment.  (Id.)  I will deny the proposed sentence reduction.  United States v. Styer, 573 F.3d 151, 154 (3d Cir. 2009) (court may deny request for reduced

sentence without a hearing).

I "may reduce the term of imprisonment" after a defendant has been sentenced to a term of imprisonment "based on a sentencing range that has been subsequently lowered by the Sentencing Commission."  18 U.S.C. § 3582(c)(2).  I may reduce the term only "after considering the factors set forth in section 3553(a) to the extent they are applicable" and "if such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission."  Id.

I agree with the Committee that the Amendment applies to Defendant's case and that he is eligible for a reduction.  After considering the § 3553(a) factors, however, I conclude that a reduction is not warranted.  As I have described in denying a sentence reduction for a co-defendant, Mr. Mullinex Defendant participated in a massive international conspiracy to introduce prescription drugs and controlled substances into interstate commerce by selling drugs online to consumers without a prescription. (Crim. No. 05-193-7, Doc. No. 1254.)  Defendant operated a number of websites that sold these drugs without a prescription to thousands of people.  (Doc. No. 891 at 3.)  Defendant used offshore credit card processors and sophisticated means to hide the source of his revenue.  (Id.)  The harm Defendant and his co-defendants caused to public health and safety was considerable.  Moreover, Defendant's activities were not those of a typical drug dealer.  In these circumstances, the proposed sentence reduction would be inconsistent with, *inter alia*, the seriousness of Defendant's crimes and the need to deter others from committing such crimes.  18 U.S.C. § 3553(a).  Having considered all the factors set forth in 18 U.S.C. § 3553(a), I will not reduce his 150 month term of imprisonment.

**AND NOW**, this 5th day of May, 2015, it is hereby **ORDERED** that the proposed sentence reduction (Doc. No. 1243) and Defendant's *Pro Se* Motion to Appoint Counsel and Reduce Sentence (Doc. No. 1241) are **DENIED without prejudice** as to Defendant's right to move for a sentence reduction under 18 U.S.C. § 3582(c)(2).

                                              **AND IT IS SO ORDERED.**

                                              */s/ Paul S. Diamond*
                                              _____
                                              Paul S. Diamond, J.